IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-36

 No. 480A20

 Filed 16 April 2021

 IN RE INQUIRY CONCERNING A JUDGE, NO. 19-225

 WILLIAM F. BROOKS, Respondent

 This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon

 a recommendation by the Judicial Standards Commission entered 27 October 2020

 that respondent William F. Brooks, a Judge of the General Court of Justice, District

 Court Division, Judicial District Twenty-Three, be censured for conduct in violation

 of Canons 1, 2A, 5D, and 6C; and for conduct prejudicial to the administration of

 justice and for willful misconduct in office in violation of N.C.G.S. § 7A-376. Heard

 in the Supreme Court on 17 February 2021 without oral argument pursuant to Rule

 30(f) of the North Carolina Rules of Appellate Procedure.

 No counsel for Judicial Standards Commission or Respondent.

 ORDER OF SUSPENSION

¶1 The Judicial Standards Commission has unanimously recommended that this

 Court should censure Judge William F. Brooks for violations of Canons 1, 2A, 5D, and

 6C amounting to conduct that was prejudicial to the administration of justice and

 that constituted willful misconduct in office. Pursuant to N.C.G.S. § 7A-376 and -
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 377, it is our duty first to independently review the record to determine whether the

 Commission’s findings of fact are supported by clear and convincing evidence and

 whether the findings support the conclusions of law; and then to exercise our

 independent judgment to consider whether the Commission’s proposed sanctions are

 appropriate. See In re Murphy, 376 N.C. 219, 235 (2020) (citing In re Badgett, 362

 N.C. 202, 207 (2008)).

¶2 On 17 January 2020, Counsel for the Commission filed a Statement of Charges

 against respondent alleging that he engaged in conduct prejudicial to the

 administration of justice that brings the judicial office into disrepute and willful

 misconduct in office “by serving as executor for the estates of two former clients that

 were not members of respondent’s family, collecting substantial fees or commissions

 for such service, and failing to properly report that income.” The Commission charged

 that these actions in general violated Canons 1 and 2A of the North Carolina Code of

 Judicial Conduct. The Commission further charged that respondent’s actions in

 serving as executor of the estates for people not members of his family violated Canon

 5D and that his failure to report extra-judicial income in excess of $2,000 violated

 Canon 6C.

¶3 Respondent filed a response on 5 March 2020 admitting that he served as a

 personal representative for the estates of two former family friends, who were clients,

 not members of his family; that he collected fees for such service; and that he
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

inadvertently failed to disclose the receipt of said fees on his 2016 Judicial Income

Report and his Statement of Economic Interest for the same year. On 13 May 2020,

Counsel for the Commission and Counsel for respondent filed a Stipulation and

Agreement for Stated Disposition which contained the following stipulated facts:

 1. On or about April 3, 2009, Respondent, prior to his
 appointment as District Court Judge and while still in
 engaged in the private practice of law, prepared and
 executed wills for two clients, Robert and Mary Grace
 Crawford. Each will also designated the Respondent as
 the executor of the respective will. Respondent had no
 familial relationship with either Robert or Mary Grace
 Crawford.

 2. On or about October 2, 2013, Respondent was appointed
 to serve as a District Court Judge in Judicial District
 23. Respondent received a copy of the Code of Judicial
 Conduct and ethics training during Orientation for New
 District Court Judges in early December 2013.

 3. On or about March 9, 2014, Robert Crawford passed
 away. Mary Grace Crawford subsequently died on
 November 29, 2014. While serving as District Court
 Judge, Respondent also served as executor of both wills.
 In that capacity, Respondent admitted both wills to
 probate and filed inventories and accountings with
 Wilkes County Clerk of Superior Court until both
 estates were closed in 2017.

 4. At the time Respondent carried out his functions as the
 executor of the Crawford estates, Respondent knew or
 should have known that the Code of Judicial Conduct
 prohibited him from serving as the executor or any type
 of fiduciary for individuals other than members of
 Respondent’s family. Respondent had known the
 Crawfords for many years and considered them to be
 like family, but acknowledges he was not related to
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 them by blood or marriage.

 5. During the week of March 14, 2016, Respondent was
 compensated with a $2,550 commission for serving as
 executor of Robert Crawford’s estate and a $85,320.77
 commission for serving as executor of Mary Grace
 Crawford’s estate.

 6. Respondent failed to disclose the extra-judicial income
 he earned from serving as the executor for Robert
 Crawford and Mary Grace Crawford in 2016 on his
 Canon 6 Extra-Judicial Income report for the 2016
 calendar year and on his Statement of Economic
 Interest (SEI) filed with the State Ethics Commission
 for the 2016 calendar year.

 7. Respondent knew or should have known that he was
 required to report the extra-judicial income he received
 from serving as an executor on both his Canon 6 and
 SEI disclosures. Respondent has now amended both his
 Canon 6 and Extra-judicial Income Report and SEI for
 2016 calendar year to reflect his additional income.

 8. The parties stipulate that the foregoing findings are
 established by clear and convincing evidence and agree
 that the factual and evidentiary stipulations shall
 constitute the entire evidentiary record in this matter
 for consideration by the hearing panel and that no other
 evidence will be introduced at the disciplinary
 recommendation hearing by either party.

The parties further made the following Stipulations of Violations of the Code of

Judicial Conduct:

 1. Respondent acknowledges that the factual stipulations
 contained herein are sufficient to prove by clear and
 convincing evidence that he violated the following
 provisions of the North Carolina Code of Judicial
 Conduct:
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 a. he failed to personally observe appropriate
 standards of conduct to ensure that integrity of
 judiciary is preserved in violation of Canon 1 of the
 North Carolina Code of Judicial Conduct;

 b. he failed to respect and comply with the law and
 conduct himself at all times in a manner that
 promotes public confidence in the integrity and
 impartiality of the judiciary in violation of Canon 2A
 North Carolina Code of Judicial Conduct;

 c. he served as executor, administrator, trustee,
 guardian, or other fiduciary for estates of people who
 were not a member of Respondent’s family in
 violation of Canon 5D of the North Carolina Code of
 Judicial Conduct; and

 d. he failed to report extra-judicial income in excess of
 $2,000 in violation of Canon 6C of North Carolina
 Code of Judicial Conduct.

 2. Respondent further acknowledges that the stipulations
 contained herein are sufficient to prove by clear and
 convincing evidence that his actions constitute willful
 misconduct in office and that he willfully engaged in
 misconduct prejudicial to the administration of justice
 which brought the judicial office in disrepute in
 violation of N.C. Gen. Stat.§ 7A-376.

¶4 The Judicial Standards Commission held a hearing in this matter on 11

 September 2020 at which the above stipulations were read into the record by the

 Commission’s counsel. Respondent, who was present and represented by counsel,

 made a brief statement accepting responsibility for his actions, acknowledging they

 were wrong, and apologizing for his actions while also explaining that “I just did not

 realize for whatever reason that this could not be done.”
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

¶5 The Commission issued its Recommendation of Judicial Discipline on 27

 October 2020. Based on the stipulated facts and the associated exhibits, the

 Commission made findings of fact that include verbatim the stipulated facts as well

 as additional detail about respondent’s completion of the required Canon 6 Report

 and SEI. Specifically, the Commission found that in his Canon 6 Report, respondent

 “affirmatively indicated ‘None’ in the column asking him to identify any source of

 extra-judicial income of more than $2,000 for 2016. On his SEI “No Change Form”

 for the calendar year 2016, respondent “affirmatively acknowledged that he read and

 understood N.C.G.S. § 138A-26 regarding concealing or failing to disclose material

 information and further acknowledged that knowingly concealing or failing to

 disclose information that is required to be disclosed is a Class I misdemeanor.”

¶6 Based on these findings of fact, the Commission made the following

 Conclusions of Law:

 1. Canon 5D of the Code of Judicial Conduct expressly
 prohibits judges from serving as “the executor,
 administrator, trustee, guardian or other fiduciary, except
 for the estate, trust or person of a member of the judge’s
 family, and then only if such service will not interfere with
 the proper performance of the judge’s judicial duties.” The
 Commission concludes that Respondent violated Canon 5D
 by serving as the executor of the two Crawford estates
 notwithstanding that fact that he knew or should have
 known that such service was expressly prohibited.

 2. Canon 6C of the Code of Judicial Conduct requires
 judges to make a public report each year of “the name and
 nature of any source or activity from which the judge
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

received more than $2,000 in income during the calendar
year for which the report is filed.” Canon 6C ensures
“transparency in a judge’s financial and remunerative
activities outside of the judicial office to ascertain potential
conflicts of interest, avoid corruption and maintain public
confidence in the impartiality, integrity and independence
of the state’s judiciary.” In re Mack, 369 N.C. 236, 242, 794
S.E.2d 266, 270 (2016) (adopting the Commission’s findings
and conclusions). The Commission concludes that
Respondent violated Canon 6C by affirmatively
representing on his Canon 6 Report that he had no outside
income to report for 2016 when he knew that he had
received nearly $90,000 in outside income due to his service
as the executor of the Crawford estates.

3. Canon 2A of the Code of Judicial Conduct requires
that “[a] judge should respect and comply with the law and
should conduct himself/herself at all times in a manner
that promotes public confidence in the integrity and
impartiality of the judiciary.” As a judge of the General
Court of Justice, Respondent is a “covered person” under
the State Government Ethics Act and is required to file a
Statement of Economic Interest (SEI) with the State Ethics
Commission by April 15 of each year. See N.C.G.S. §138A-
3(21), § 138A-22. In executing his SEI “No Change Form”
on March 31, 2017 under penalty of perjury, Respondent
affirmatively represented that he had no changes in income
to report for 2016, acknowledged that he read and
understood N.C.G.S. §138A-26 regarding concealing or
failing to disclose material information and further
acknowledged that knowingly concealing or failing to
disclose information that is required to be disclosed is a
Class 1 misdemeanor. At the time Respondent made those
representations, he knew he had earned nearly $90,000 in
additional income in 2016. By failing to disclose his outside
income on the SEI as required by state law, Respondent
failed to “respect and comply with the law” and further
failed to conduct himself “in a manner that promotes public
confidence in the integrity . . . of the judiciary” and
therefore violated Canon 2A of the Code of Judicial
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

Conduct.

4. Canon 1 of the Code of Judicial Conduct requires
that a judge must “participate in establishing,
maintaining, and enforcing, and should personally observe,
appropriate standards of conduct to ensure that the
integrity and independence of the judiciary shall be
preserved.” The Commission concludes that Respondent
violated Canon 1 because he failed to observe appropriate
standards of conduct to preserve the integrity of the
judiciary when he failed to disclose his significant outside
income in 2016 on both his Canon 6 Form and SEI when he
knew that such reporting was required under the Code of
Judicial Conduct and state law, respectively.

5. The Preamble to the Code of Judicial Conduct
provides that a “violation of this Code of Judicial Conduct
may be deemed conduct prejudicial to the administration
of justice that brings the judicial office into disrepute, or
willful misconduct in office, or otherwise as grounds for
disciplinary proceedings pursuant to Article 30 of Chapter
7A of the General Statutes of North Carolina.” In addition,
Respondent has stipulated not only to his violations of the
Code of Judicial Conduct, but also to a finding that his
conduct amounted to conduct prejudicial to the
administration of justice and willful misconduct in office.
The Commission in its independent review of the
stipulated facts and exhibits and the governing law also
concludes that Respondent’s conduct rises to the level of
conduct prejudicial to the administration of justice and
willful misconduct in office.

6. The Supreme Court defined conduct prejudicial to
the administration of justice in In re Edens, 290 N.C. 299,
226 S.E.2d 5 (1976) as “conduct which a judge undertakes
in good faith but which nevertheless would appear to an
objective observer to be not only unjudicial conduct but
conduct prejudicial to the public esteem for the judicial
office.” Id. at 305, 226 S.E.2d at 9. As such, rather than
evaluate the motives of the judge, a finding of conduct
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

prejudicial to the administration of justice requires an
objective review of “the conduct itself, the results thereof,
and the impact such conduct might reasonably have upon
knowledgeable observers.” Id. at 306, 226 S.E.2d at 9
(internal citations and quotations omitted). Respondent’s
objective conduct in impermissibly serving as an executor
for the Crawford estates, collecting nearly $90,000 in fees
for such service and then affirmatively representing on his
Canon 6 Report that he had no outside income to report, as
well as his action in affirmatively filing a “No Change
Form” with the State Ethics Commission that concealed
his income, constitutes conduct prejudicial to the
administration of justice that brings the judicial office into
disrepute. Such conduct could reasonably be perceived as
an attempt to hide from public scrutiny the significant
income he received from engaging in an activity expressly
prohibited by the Code of Judicial Conduct.

7. The Supreme Court in In re Edens defined willful
misconduct in office as “improper and wrong conduct of a
judge acting in his official capacity done intentionally,
knowingly and, generally, in bad faith. It is more than a
mere error of judgment or an act of negligence. While the
term would encompass conduct involving moral turpitude,
dishonesty, or corruption, those elements need not
necessarily be present.” 290 N.C. at 305, 226 S.E.2d at 9.
As further set forth by the Supreme Court in In re Nowell,
293 N.C. 235, 237 S.E.2d 246 (1977), a judge’s “specific
intent to use the powers of the judicial office to accomplish
a purpose which the judge knew or should have known was
beyond the legitimate exercise of his authority constitutes
bad faith.” 293 N.C. at 248, 237 S.E.2d at 255 (internal
citations omitted). The undisputed facts at issue in this
matter establish that Respondent’s conduct was the result
of more than a mere error of judgment or act of negligence.
Even assuming Respondent did not act in bad faith in
violating Canon 5D (notwithstanding his admission that he
received a copy of the Code of Judicial Conduct and
attended training on it as a new judge), Respondent
without question knew that as a judge of the General Court
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 of Justice, the duties of his judicial office required him to
 file annual reports that would disclose for public scrutiny
 his sources of outside income. Despite earning nearly
 $90,000 in extra income in 2016, Respondent in his
 capacity as a judicial officer affirmatively and knowingly
 represented in public financial disclosure that he had no
 new reportable income. Such conduct amounts to willful
 misconduct in office.

 As mitigating factors, the Commission found that respondent cooperated, admitted

 error and showed remorse. Additionally, as the Commission found, the conduct at

 issue here appears to be a single event and not a pattern of recurring misconduct.

 Subsequent to the Statement of Charges, Respondent amended the public reports at

 issue to reflect his outside income for 2016. The Commission found as aggravating

 factors the fact that the amount of outside income was large, making his failure to

 disclose it particularly egregious, and the fact that the income came from activity

 expressly prohibited in Canon 5D of the Code of Judicial Conduct. In light of the

 findings of fact and conclusions of law, and taking into account the mitigating and

 aggravating factors, the Commission recommended that respondent be censured.

¶7 In this matter, we proceed as a court of original jurisdiction rather than an

 appellate court. In re Clontz, 376 N.C. 128, 140 (2020) (citing In re Hill, 357 N.C. 559,

 564 (2003)). We are not bound by the Commission’s recommendations, but rather

 must exercise our own independent judgment when considering the evidence. Id.

 (citing In re Nowell, 293 N.C. 235, 244 (1977)). Here, the Commission’s findings were

 based on stipulated facts and exhibits, and they are uncontested. After reviewing the
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 full record, we conclude that the Commission’s findings of fact are supported by clear

 and convincing evidence, and we adopt them as our own without exception.

¶8 We also adopt the Commission’s conclusions of law as appropriately supported

 by those facts. Both the prohibition on serving as a personal representative for the

 estate of a non-family member and the reporting requirements for extra-judicial

 income are explicit in the relevant governing authorities and respondent’s failure to

 abide by them constitutes “conduct prejudicial to the administration of justice that

 brings the judicial office into disrepute.” N.C.G.S. § 7A-376(b).

¶9 Where we depart from the Commission is in the determination of an

 appropriate resolution. We agree with the Commission that a public reprimand is

 not appropriate because the misconduct in this matter is not “minor.” See N.C.G.S. §

 7A-374.2(7) (public reprimand appropriate where misconduct is minor). And we

 appreciate the mitigating factors that exist here, particularly concerning defendant’s

 cooperation with the Commission and his near-immediate acknowledgment of the

 impropriety of his conduct.

¶ 10 Nevertheless, we must view this matter keeping in mind that the central

 purpose of the Code of Judicial Conduct, as articulated in the Preamble, is to uphold

 an “independent and honorable judiciary” for the people of North Carolina. In In re

 Mack¸ 369 N.C. 236 (2016), where the respondent judge was publicly reprimanded for

 failing to report non-judicial income, the activity the judge engaged in, namely
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

 renting residential property, was not an activity that itself is prohibited conduct.

 Judges are permitted under the Code of Judicial Conduct to own and realize a profit

 from rents, so long as the income is properly disclosed. Here, the Code of Judicial

 Conduct explicitly prohibits the activity that produced the non-reported income.

 Further, the estates were settled in respondent’s own judicial district with

 respondent seeking and receiving a significant commission for serving as executor.

 This is an additional aggravating factor that created the appearance of a lack of

 judicial independence. Cf. In re Badgett, 362 N.C. 202, 209 (2008) (imposing a sixty-

 day suspension where some of the conduct occurred in the courtroom “which gave rise

 to the unavoidable inference that [the judge] sought to use the powers of his position

 to obtain a personal favor which was beyond the legitimate exercise of his

 authority.”). Respondent’s conduct here was a willful violation that was prejudicial

 to the administration of justice and brought the judicial office into disrepute.

¶ 11 In In re Chapman, 371 N.C. 486 (2018), this Court imposed a thirty-day

 suspension even though the conduct in question did not result in a financial gain for

 the judge, and where the judge cooperated with the Commission, entered into a

 stipulation of facts, took responsibility for his actions, and expressed remorse. Id.,

 371 N.C. at 496. Nevertheless, by unreasonably delaying for five years his ruling on

 a motion for permanent child support, the judge in that case committed egregious

 misconduct requiring more than a censure.
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

¶ 12 Similarly, in In re Badgett, this Court went beyond the Commission’s

 recommendation of censure to impose a suspension because the judge’s misconduct

 was “of a significantly greater magnitude than that present in other recent cases

 where we have held censure to be appropriate.” 362 N.C. at 208; see also In re Hill,

 357 N.C. 559 (2003) (censuring judge for verbally abusing an attorney and for sexual

 comments and horseplay); In re Brown, 356 N.C. 278 (2002) (censuring judge when

 on two occasions, the judge caused his signature to be stamped on orders for which

 he did not ascertain the contents and effect); In re Stephenson, 354 N.C. 201 (2001)

 (censure imposed when the judge solicited votes for his reelection from the bench); In

 re Brown, 351 N.C. 601 (2000) (censure appropriate when the judge consistently

 issued improper verdicts).

¶ 13 In the circumstances of this case it is our judgment that, after weighing the

 severity of defendant’s conduct with his candor, cooperation, remorse, and otherwise

 good character, a one-month suspension is appropriate. At the conclusion of the

 suspension, respondent may resume the duties of his office.

¶ 14 The Supreme Court of North Carolina orders that respondent William F.

 Brooks be, and is hereby, SUSPENDED without compensation from office as a Judge

 of the General Court of Justice, District Court Division, Judicial District Twenty-

 Three, for THIRTY DAYS from the entry of this order for conduct in violation of

 Canons 1, 2A, 5D, and 6C of the North Carolina Code of Judicial Conduct and for
 IN RE BROOKS

 2021-NCSC-36

 Order of the Court

conduct prejudicial to the administration of justice that brings the judicial office into

disrepute and willful misconduct in office in violation of N.C.G.S. § 7A-376.

 By order of the Court in Conference, this the 16th day of April 2021.

 s/Berger, J.
 For the Court

 WITNESS my hand and the seal of the Supreme Court of North Carolina,

 this the 16th day of April 2021.

 AMY L. FUNDERBURK

 Clerk of the Supreme Court

 s/Amy L. Funderburk